| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>United States Marshals Service<br>Department of Justice<br>167 N. Main St., Room 1029<br>Memphis, TN 38103 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Garrick D. Cole # 25462-076<br>USMCFP Springfield<br>P.O. Box 4000<br>Springfield, MO 68501 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN n/a | 4. DATE OF BIRTH<br>06/03/1971 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>October 3, 2013 | 7. TIME (A.M. OR P.M)<br>2:32 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

This claim arises from the negligent act(s) or omission(s) of employees of the United States of America, to wit, the United States Marshals Service, when in fact through no fault of his own, through said negligence or omission, he was needlessly subjected to multiple dangerous and unnecessary life threatening surgeries, which posed inherent risk to his life and limb and excessive severe pain, distress, mental anguish and suffering. All circumstance surrounding the above claim transpired while in and through the custody of the U.S. Marshals Service. SEE ATTACHED FTCA FACT SHEET AND EXHIBITS

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT    Repetitious surgeries placing Right Tunneled Dialysis Catheter (RTD) and removing the RTD. Repetitious surgeries placing Continuous Ambulatory Peritoneal Catheter(CAPD) and removing of the same.

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS(Number, street, city, State, and Zip Code) |
| Dr. Shyamal Sakar, M.D.<br>M. Dianne Smothers<br>Dr. J. Daniel Day, M.D. Surgeon<br>Wade Jordan, M.D./Clinical Director | | 170 Murray Guard Drive, Jackson, TN 38305<br>FPD, 109 S. Highland Ave., Jackson, TN 38301<br>395 Hospital Blvd., Jackson, TN 38305<br>USMCFP, 1900 Sunshine Blvd., Springfield MO 68501 |

| 12. (See instructions on reverse) | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | YES | N/A | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory<br>Institution/Warden | 14. DATE OF CLAIM<br>Oct. 2014 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

EXHIBIT 3

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**INSTRUCTIONS**

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC  20530

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC  20503

**INSURANCE COVERAGE**

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No

N/A

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| N/A | |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

N/A

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

FEDERAL TORT CLAIM ACT(FTCA) FACT SHEET

I, Garrick D. Cole, United States Marshals Service("U.S.M.S.")# 25462-076, certify herein under penalty of perjury in 18 U.S.C. §1746 that the following statement of FCTA incident facts are true and correct to knowledge.

1. Plaintiff suffers from severe kidney failure diagnosed as End Stage Renal Disease(ESRD). Unless thay have received a transplanted kidney, patients with ESRD must get regular dialysis by either hemodialysis or peritoneal dialysis. Hemodialysis usually involves visits to a dialysis unit three times a week for several hours. Peritoneal dialysis usually involves running a large volume of fluid into the abdominal cavity by way of a permanently implanted tube and, after a few hours, draining it out and putting in more. Peritoneal process is repeated more or less continuously by the patient as needed.(Mackenzie Walser, M.D., Professor, John Hopkins University, Coping With Kidney Disease",(2004)).

2. Problems with hemodialysis forms of access are the most common reason for hospitilization. They include infection, blockage by clots, and poor blood flow. There is risk of repeated surgeries in order to get a properly functioning access. Other complication are potentially caused by rapid changes to water and chemical balance in the body during dialysis. Also there is chance of muscle cramps and sudden drop in blood pressure, which can cause weakness, dizziness or nausea. All of these symptoms are common during the hemodialysis treatment. Hemodialysis is burdensome and time consuming. Patients frequently need to stay overnight in the hospital but can receive treatments through outpatient care. The process requires filtration of the blood by way of tubes through a dialyzer, which filters out waste and extra water.

3. Plaintiff elected peritoneal dialysis for self-administered care for the treatments' convenience and the independence that improve quality of life. The most common complication of peritoneal treatment is peritonitis, a serious abdominal infection. Peritonitis can occur if the catheter opening becomes infected or contaminated during connection or disconnection. This risk is offset by regularly hygiene and careful administering of the solution. General treatment for peritonitis require an regiment of antibiotics.

4. Plaintiff pre-arrest primary care treatment physicians are Dr. Malay, 1575 Parr Avenue, Dyerburg. TN 38024 and most recent Dr. Shyamal Sakar, 170 Murray Guard Drive, Jackson, TN 38305.

5. Plaintiff at the advice of Doctors Malay and Sakar was seen March 5, 2013 by Jackson Surgical Associates for evaluation to replace his Right Side Perma Catheter,primarily used to administer peritoneal treatment. The permacath was to be replaced with a more enduring dialysis access option. It should be noted during that evaluation there was NO hernias detected and the umbilicus was normal.

6. Dr. J. Daniel Day, M.D., at the doctors' directive, performed an Laparascopic (LAP) procedure for placement of the Tenckhoff Catheter on March 14, 2013 at 3:18 p.m.. The Tenckhoff Catheter derives its title from Dr. Henry Tenckhoff, who developed the technique in the 1950s era as an more favorable alternative to hemodialysis care.

1

7. Dr. Day explained in his report that risks during the procedure were bleeding, infection, scarring, recurrance, and pain but not limited to those referenced.

8. Dr. Day ordered Morphine 2-5 MGs per 2 hours by IV Push for severe pain, Zofran injections 4MG per 4 hours by IV Push for nausea and Percocet 5/325 orally , 2 tablets per 4 hours for moderate pain.

9. On September 5, 2013, yet under recognizance bond, Plaintiff appeared before the Honorable J. Daniel Breen, Chief Judge, in the United States District Court for the Western District of Tennessee(Jackson), at 262 U.S. Courthouse, 111 South Highland Ave., TN 38301.

10. At the sentencing hearing, Docket Entry("Dkt")# 568, 09/05/2013, Defense Attorney Dianne Smothers requested Plaintiff be placed at **a federal medical facility** due to health issues. Attorney Smothers, further, contested detention following sentencing because of health reasons. After statements by Assistant United States Attorney("AUSA") Wilson and government witness: Linda Smith, Pre-trial Services(PTS) Officer the court extended recognizance bond due the extraordinary circumstance of Plaintiff medical condition.

11. Judge Breen, after imposing sentence, recommended Plaintiff be housed in the nearest medical facility available to treat his kidney/diabetic illnesses. The Court then ordered recess to permit Atty. Smothers and the Marshals to speak with the facility at Mason regarding its ability to address Plaintiff critical care medical needs.

12. At the end of recess(2:30-2:50 p.m.) and upon accepting statements by Atty. Smothers and **Marshal Holt.** Judge Breen deferred termination of bond until after Plaintiff consulted with Dr. Sakar on September 9, 2013.

13. During the consultation with Dr. Sakar, in Plaintiff presence, Atty. Smothers informed Dr. Sakar the federal system did not accomodate peritoneal dialysis care. Premised upon that misinformation, Dr. Sakar consulted Jackson Surgical Associates a second time on October 2, 2013 for removal of the Tenckhoff Catheter previously placed March 14, 2013.

14. At that point, Plaintiff was scheduled to undergo an second and third surgery. Dr. Sarka ordered placement of the initial Permacath to start peritoneal diaysis treatment. Now Dr. Day must perform surgery a second time to remove the permacath and an subsequent surgery must be ordered to place an new chest tunneled hemodialysis catheter.

15. On October 3, 2013, Dr. Day performs the second surgery to remove the Tenckhoff Catheter at 2:32 p.m.. Later that day at 5:18 p.m. the Jackson-Madison Radiology in an third surgery places the tunneled hemodialysis catheter.

16. Chief Judge Breen's recommendation would have placed Plaintiff in the custody of the Bureau of Prisons immediately at United States Medical Center for Federal Prisoners(USMCFP), 1900 Sunshine Blvd., Springfield, MO 68501. USMCFP is the nearest federal facility that has capabilities to accomodate peritoneal dialysis. A rough estimate of an 5 or 6 hour drive from Madison County.

17. On October 9, 2013, Plaintiff self-surrendered to the U.S.M.S. and was confined at Mason Jail now capable of facilitating his medical conditions after an two

2

additional post-operative surgeries.

18. In it History & Physical update USMCFP Springfield notes past surgical history of Plaintiff on March 27, 2014 as CAPD Catheter "placement" 2013, removal 2013, and Right side tunneled chest 2013.

19. On March 25, 2014, Wade T. Jordan, M.D., USMCFP-Clinical Director consults Nicholas F. Shoults, M.D./general surgeon. Dr. Jordan states Plaintiff was on CAPD initially for ficve to six months and was subsequently removed in October 2013 **because of inability to provide that service.**

20. Dr. Jordan goes on to recommend another Laparascopic(LAP) surgery to place an CAPD with immediate exteriorization to offset hemodialysis treatment. This will effectively be Plaintiff's fourth repetitious surgery for the same illness.

21. On April 8, 2014, Dr. Shoults has Plaintiff anesthized with ½% Marcaine x 8ml and places the CAPD catheter. Plaintiff remains under observation 24 hours and is prescribed oxyCodone/Acetaminophen 5MG/325MG every 4 hours for severe pain.

22. On May 28, 2014, Dr. Shoults has Plaintiff anesthized with 1% Lidocaine w/Epi and uses an 2mm w/#15 blade and removes the RTD catheter. Plaintiff is then discharged to his Housing Unit. This is effectively Plaintiff's fifth surgery for the exact same illness unnecessarily.

23. Employees of the United States, to wit, the Attorney General of the United States Department Justice pursuant to 18 U.S.C. § 4013(a)(2) are responsible for appropriate medical care of all federal prisoners.

    A. The Director of the United States Marshals Service shall direct and supervise all activities of the USMS including:...(o)[a]quisition of adequate and suitable detention space, **health care** and other services and materials required to support prisoners under the custody of the U.S. Marshals who are not housed in Federal facilities."28 C.F.R. §0.111 (o)."

24. Plaintiff aver through negligent or wrongful acts or omissions United States of America employees, to wit, the United States Marshals Service, he has been subjected to multiple dangerous and unnecessary life threatening surgeries, through no fault of his own, which posed inherent risk to his life and limb with excess severe pain, distress, mental anguish and suffering through fear of detriment to his critical health needs.

25. For such injurious negligence or wronful acts or omissions, Plaintiff seek damages under the Federal Tort Claim Act pursuant to Title 28 U.S.C. §2671 in the amount of Five Hundred Thousand Dollars($500,000.00).


Dated:____day of October 2014,                 _____
                                                Mr. Garrick D. Cole,
                                                USMS # 25462-076

Under penalty of perjury in 18 U.S.C. § 1746.

3

| | | | |
|---|---|---|---|
| | | | 7/16/13. (Breen, J.) (Entered: 07/16/2013) |
| 07/17/2013 | | 497 | SETTING LETTER as to Garrick D. Cole: Hearing on Sealed Motion [DE 493] set for **Tuesday, 7/23/2013 10:00 AM** in Jackson Courtroom 3 before Magistrate Judge Edward G. Bryant. *This is a text-only entry; no document is attached.*(ejs) (Entered: 07/17/2013) |
| 07/23/2013 | | 502 | Minute Entry for proceedings held before Magistrate Judge Edward G. Bryant:Motion Hearing held on 7/23/2013 re 493 SEALED MOTION filed by Garrick D. Cole. AUSA Wilson present for the govt and AFD Smothers for the dft. After hearing argument of counsel, the court DENIED the motion. An order will be entered. Dft to remain on present bond. (Court Reporter FTR.) (ejs) (Entered: 07/23/2013) |
| 07/23/2013 | 🔒 | 503 | *SEALED* SEALED ORDER denying 493 Sealed Motion as to Garrick D. Cole (1). Signed by Magistrate Judge Edward G. Bryant on 7/23/13. (Bryant, Edward) (Entered: 07/23/2013) |
| 07/29/2013 | | 511 | POSITION REGARDING PRESENTENCE REPORT by USA as to Garrick D. Cole . (Wilson, Matthew) (Entered: 07/29/2013) |
| 08/21/2013 | | 549 | POSITION REGARDING PRESENTENCE REPORT by Garrick D. Cole . (Smothers, M.) (Entered: 08/21/2013) |
| 08/26/2013 | | 556 | MOTION to Continue *(Proposed Order Submitted)* by USA as to Garrick D. Cole. (Wilson, Matthew) (Entered: 08/26/2013) |
| 08/27/2013 | | 559 | ORDER CONTINUING SENTENCING HEARING AND NOTICE OF RESETTING as to Garrick D. Cole. Sentencing reset for 9/5/2013 at 1:30 PM in Jackson Courtroom 1 before Chief Judge J. Daniel Breen. Signed by Chief Judge J. Daniel Breen on 8/27/13. (Breen, J.) (Entered: 08/27/2013) |
| 09/05/2013 | 🔒 | 567 | RELEASE STATUS REPORT as to Garrick D. Cole. (Smith, Linda) (Entered: 09/05/2013) |
| 09/05/2013 | | 568 | Minute Entry for proceedings held before Chief Judge J. Daniel Breen:Sentencing held on 9/5/2013 for Garrick D. Cole (1). Side bar at request of govt. Statements by Atty Smothers to request deft be placed at a federal medical facility due to diabetic health issues. Issue of taking dft into custody following sentencing argued against by Atty Smothers. Statements by AUSA Wilson; Govt witness: Linda Smith PTS officer. Court holds ruling on custody issue - proceeds with imposition of sentence. As to Count 1(s) of the superseding indictment, the Court sentences deft to 120 months custody of BOP; 5 yrs supervised release with conds: drug testing/treatment as deemed necessary by USPO; particiate in collection of DNA; possess no firearms or destructive devices. Court recommends deft be housed in the nearest medical facility available to treat kidney/diabetic issues of deft. Count(s) 1, 2-6, 2s, 3s-4s, 5s-6s, dismissed on motion of govt. Court orders recess for Atty Smothers and Marshals to speak with the facility at Mason regarding their ability to address deft's dialysis issues. (recess 2:30-2:50pm) Statements by Atty Smothers, Marshal Holt. Court will defer |

EXHIBIT 4

| | | | |
|---|---|---|---|
| | | | decision regarding termination of bond until after deft sees his private physcian on 9/6/2013. A report is to be given to Atty Smothers and PTS Officer Smith immediately following the appointment, who are then to advise the court regarding the doctor's report on dft. The deft was released on same conditions as previously imposed pending further decision by this Court. Adj 3:00 pm. (Court Reporter Kristi Heasley.) (skp) (Entered: 09/05/2013) |
| 09/06/2013 | 🔒 | 571 | JUDGMENT as to Garrick D. Cole (1), 120 months custody BOP on Count 1 of the SSI; 5 yrs supervised release; no fine; $100 Special Assessment. Counts 2, 3, 4, 5 and 6 dismissed on Motion of the Govt. Signed by Chief Judge J. Daniel Breen on 9/6/13. (Breen, J.) (Entered: 09/06/2013) |
| 09/06/2013 | | 572 | REDACTED JUDGMENT as to Garrick D. Cole (1). (Breen, J.) (Entered: 09/06/2013) |
| 09/13/2013 | | 577 | NOTICE OF PRISON DESIGNATION as to Garrick D. Cole (ejc) (Entered: 09/13/2013) |
| 09/16/2013 | | 578 | ORDER TO SURRENDER as to Garrick D. Cole. Signed by Chief Judge J. Daniel Breen on 9/16/13. (Breen, J.) (Entered: 09/16/2013) |
| 09/19/2013 | | 579 | NOTICE of Order to Surrender Returned SIGNED by Garrick D. Cole (akj) (Entered: 09/19/2013) |
| 09/20/2013 | | 580 | NOTICE of Additional Copy of SIGNED Order to Surrender returned by Garrick D. Cole re 579 Notice (Other) (akj) (Entered: 09/20/2013) |
| 10/04/2013 | | 584 | ORDER TO SURRENDER TO THE UNITED STATES MARSHALS SERVICE UPON NOTICE OF DESIGNATION BY THE BUREAU OF PRISONS as to Garrick D. Cole. Signed by Chief Judge J. Daniel Breen on 10/4/13. (Breen, J.) (Entered: 10/04/2013) |
| 04/25/2014 | | 630 | Letter from Garrick D. Cole (copy of docket sheet mailed to dft) (Attachments: # 1 Envelope) (akj) (Entered: 04/25/2014) |