UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GARRICK D. COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1105-JDT-cgc |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER PARTIALLY DISMISSING COMPLAINT AND
DIRECTING THAT PROCESS BE ISSUED FOR THE UNITED STATES

On May 4, 2015, Plaintiff Garrick D. Cole ("Cole"), Bureau of Prisons ("BOP") register number 25462-076, who is incarcerated at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri, filed a *pro se* civil complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bur. Of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. (ECF No. 1.)[1] After Cole submitted the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as the United States of America ("United States"), U.S.

---

[1] Although Cole also invokes 42 U.S.C. § 1983, that statute applies only if the defendants acted under color of state law. Cole alleges that the defendants in this case acted under color of federal law, not state law. Therefore, he has no valid § 1983 claim.

Marshal for the Western District of Tennessee Jeffrey Holt,[2] and the United States Marshals Service ("USMS"). Defendant Holt is sued in both his individual and official capacities.

## I. The Complaint

Cole and several co-defendants were indicted by a federal grand jury in this district on October 15, 2012. (No. 12-10096-JDB, Crim. ECF No. 3.) Cole was ordered detained in the custody of the USMS from the time of his arrest on November 1, 2012, until he was released on bond on March 5, 2013. (*Id.*, Crim. ECF Nos. 47, 53, 89, 99, 175, 306, 310 & 311.) In the present civil complaint, Cole alleges that he suffers from severe kidney failure diagnosed as end stage renal disease ("ESRD") which, if the patient does not receive a kidney transplant, must be treated with regular dialysis by either hemodialysis or peritoneal dialysis.[3] (ECF No. 1 at 2.) Cole states that he elected to receive peritoneal dialysis for its convenience and the greater independence it would allow him because it is self-administered. (*Id.* at 3.)

On the same day that he was released on bond, Cole was seen by a surgeon at Jackson Surgical Associates for evaluation to replace the right-side perma catheter used for his peritoneal dialysis with a "more enduring dialysis option." (*Id.*) Thereafter, on

---

[2] The Court takes judicial notice of Marshal Holt's first name, which Cole does not provide in the complaint. The Clerk is directed to MODIFY the docket accordingly.

[3] Cole states that hemodialysis usually involves visits to a dialysis unit three times per week with each treatment lasting several hours. (ECF No. 1 at 2.) He further states that peritoneal dialysis is a process by which a large volume of liquid is inserted into a permanently implanted tube in the abdominal cavity and is repeated more or less continually as needed. (*Id.*) Cole states that with hemodialysis there can be problems with access that may require repeated surgeries, while peritoneal dialysis issues can usually be treated with antibiotics. (*Id.* at 2-3.)

March 14, 2013, Cole states that he underwent a laparoscopic procedure to receive a Tenckhoff catheter for peritoneal dialysis. (*Id.*)

On September 5, 2013, while still on bond, Cole appeared before U.S. District Judge J. Daniel Breen for sentencing, at which time Judge Breen recommended that Cole be housed in the nearest medical facility able to treat Cole's illnesses. (*Id.* at 3-4; *see also* No. 12-10096, Crim. ECF No. 568.) During the sentencing hearing, Judge Breen allowed Cole's defense attorney, Dianne Smothers, and Defendant Holt time to contact the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee to determine whether that facility could address Cole's medical needs. (*Id.* at 4; *see also* No. 12-10096, Crim. ECF No. 568.) Judge Breen then heard statements from both Ms. Smothers and Defendant Holt on that issue. (No. 12-10096, Crim. ECF No. 568.) However, the complaint does not set out the substance of either statement. The termination of Cole's bond then was deferred to allow him to consult with his primary care doctor, Dr. Sakar. (ECF No. 1 at 4.)

During the consultation with Dr. Sakar on September 9, 2013, at which Ms. Smothers also was present, Ms. Smothers allegedly informed Dr. Sakar that the federal system did not accommodate peritoneal dialysis care, which Cole contends was "misinformation". (*Id.*) Dr. Sakar then consulted Jackson Surgical Associates about removing the Tenckhoff catheter that had been placed the previous March. (*Id.*) Consequently, on October 3, 2013, Cole underwent surgery to remove the Tenckhoff catheter; later the same day another surgery was performed to put in place a tunneled hemodialysis catheter. (*Id.*)

On October 9, 2013, Cole alleges that he self-surrendered to the USMS and was housed at the WTDF,[4] which was able to provide him medical treatment after his surgeries. (*Id*.) However, Cole alleges that following Judge Breen's recommendation at sentencing would have resulted in his immediate placement at the USMCFP, which he asserts is, in fact, able to accommodate peritoneal dialysis. Therefore, the Tenckhoff catheter would not have been removed and replaced by a hemodialysis catheter. (*Id.*) Cole alleges that the "needless surgeries . . . expose[d] his person to unnecessary peril of injury and pain" and caused him "excessive pain, suffering, and emotional duress." (*Id.*)

Plaintiff asserts that he was transferred to the USMCFP on or about January 11, 2014. (*Id.*) In March 2014, Dr. Wade T. Jordan, the USMCFP Clinical Director, consulted with a surgeon and recommended that Cole undergo another laparoscopic surgery to again place a catheter for peritoneal dialysis, essentially the fourth surgery for the same illness. (*Id.*) That surgery was performed on April 8, 2014. (*Id.* at 5.) Yet a fifth surgery was performed on May 28, 2014, to remove the hemodialysis catheter. (*Id.*)

Cole alleges that Defendant Holt breached his duty as a federal employee through negligence and that his acts and/or omissions resulting in repetitious surgeries amounted to cruel and unusual punishment under the Eighth Amendment. (*Id.*) Cole seeks damages of $500,000 under the FTCA; compensatory damages of $30,000 and punitive damages of $15,000 against Holt in his individual capacity; and reimbursement of any fees or expenses associated with his claims. (*Id.* at 5-6.)

---

[4] In the complaint, Cole states that he surrendered and was confined at the "Madison Jail." (*Id.*) However, in an attachment to the complaint, he states that it was the "Mason Jail," *i.e.*, the WTDF in Mason, Tennessee.

II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either

this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

*Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010). However, claims against federal entities such as the USMS and against federal agents in their official capacity are construed as claims against the United States. The United States can be sued only to the extent it has waived its sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity cannot be implied but must be expressed unequivocally by Congress. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Johnson v. Hubbard*, 698 F.2d 286, 290 (6th Cir. 1983); *Jahn v. Regan*, 584 F. Supp. 399, 406 (E.D. Mich. 1984). The United States has not waived sovereign

immunity and, therefore, cannot be sued in a *Bivens* action. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).

With regard to the individual capacity claims against Defendant Holt, the complaint contains no factual allegations to support Cole's conclusory claims of wrongdoing. The only specific allegation against Defendant Holt is that he provided a statement to Judge Breen during the sentencing hearing. (ECF No. 1 at 4.) However, as stated, Cole does not specify what Holt actually told Judge Breen. Therefore, the complaint necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Furthermore, to the extent Cole has sued Defendant Holt merely because of his position as the U.S. Marshal for this district, he has no claim. Under both 42 U.S.C. § 1983 and *Bivens*, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not sufficiently allege that Defendant Holt, through his own actions, violated Cole's rights.

Cole has also filed his claim pursuant to the FTCA. Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Under 28 U.S.C. § 1346(b)(1), the federal courts have jurisdiction over claims for damages against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

In order for the Court to have jurisdiction over Cole's FTCA claim, he must have first exhausted the claim by presenting it to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). In his complaint, Cole alleges that he sent the appropriate claim form to the USMS, where it was delivered on October 14, 2014; however, he had received no response to the claim as of the date the complaint was signed, on May 1, 2015. (ECF No.

9

1 at 2; *see also* ECF No. 1-3.) Under these circumstances, the Court will require a response from the United States.

III. Conclusion

The Court DISMISSES all of Cole's claims brought under 42 U.S.C. § 1983 and *Bivens* for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, it is ORDERED that the Clerk shall issue process for the United States on Cole's claims under the FTCA and deliver that process to the U.S. Marshal for service. Service shall be made on the United States pursuant to Federal Rule of Civil Procedure 4(i)(1)(A)-(B). All costs of service shall be advanced by the United States.

It is further ORDERED that Cole shall serve a copy of every subsequent document he files in this cause on the attorney for the Defendant. He shall make a certificate of service on every document filed. Cole shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[5]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[5] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.