IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GARRICK D. COLE,

    Plaintiff,

v.                                                                                           No. 1:15-cv-01105-JDB-cgc

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER DIRECTING DEFENDANT TO RESPOND, HOLDING MOTION TO DISMISS
IN ABEYANCE, DENYING MOTION FOR ENTRY OF DEFAULT, AND DIRECTING THE
CLERK TO MAIL FILINGS TO PLAINTIFF

---

On November 7, 2017, United States District Judge James D. Todd dismissed all claims brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by Plaintiff, Garrick D. Cole, a federal inmate proceeding *pro se*, in his May 4, 2015 complaint, (Docket Entry ("D.E.") 1), "for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)." (D.E. 15 at PageID 85.) Accordingly, two of the defendants, the United States Marshals Service ("USMS") and U.S. Marshal for the Western District of Tennessee Jeffrey Holt, were dismissed from this action. (*Id.* at PageID 76-77, 82-85.) However, Cole's remaining claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against Defendant, the United States of America, was permitted to proceed.[1] (D.E. 15 at PageID 76, 84-85.)

---

[1] The order provided the following analysis for allowing Plaintiff's FTCA claim against the Government to advance beyond the initial screening:

Two weeks later, Plaintiff submitted a "Motion to Amend the Complaint and It's [sic] Supporting Documentation," which was postmarked November 21, 2017, and entered a week later. (D.E. 17.) Summonses were also issued on November 21, 2017, (D.E. 16), and were timely returned executed on January 22, 2018, (D.E. 19). After this matter was reassigned pursuant to Administrative Order 2018-09 to the undersigned in February 2018, (D.E. 20), the Government timely filed a motion to dismiss on March 12, 2018, (D.E. 21). Most recently, Plaintiff submitted a letter "request[ing] entry of a formal default by the Clerk's [o]ffice under Rule 55(d) against the defendant" "[i]f . . . service was given," which the Court construes as a motion for entry of default under Federal Rule of Civil Procedure 55(a). (D.E. 22.) The letter further indicates that the inmate has "not been notified by Form USM-285 'Process Receipt and Return' of service on the United States" and that he has "not received a response from the government to the Court's order[15] [sic] or a [sic] amended complaint that was submitted thereafter." (*Id.*; *see* D.E. 21; D.E. 19; D.E. 17.)

Seeking "to dismiss the present complaint," (D.E. 21 at PageID 113), Defendant's motion to dismiss addresses Cole's original complaint, (D.E. 1), and makes no mention of the inmate's previously filed motion to amend his complaint, (D.E. 17). Therefore, the Government is DIRECTED to respond to Plaintiff's motion to amend his complaint within fourteen days of the

---

In order for the Court to have jurisdiction over Cole's FTCA claim, he must have first exhausted the claim by presenting it to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). In his complaint, Cole alleges that he sent the appropriate claim form to the USMS, where it was delivered on October 14, 2014; however, he had received no response to the claim as of the date the complaint was signed, on May 1, 2015. [D.E. 1 at PageID 2.] Under these circumstances, the Court will require a response from the United States.

(D.E. 15 at PageID 84-85.)

entry of this order. In light of the inmate's pending motion, consideration of Defendant's motion to dismiss is HELD IN ABEYANCE until further notice from the Court.

In his motion for entry of default, Plaintiff suggests that service of process on the Government merits an entry of default against it. (D.E. 22.) "A party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Hollis v. Howard*, No. 16-5115, 2016 WL 9804159, at *2 (6th Cir. Dec. 21, 2016) (citing Fed. R. Civ. P. 55(a)) (finding that the defendant "did not fail to defend against [the plaintiff]'s complaint because [the defendant] filed a timely motion to dismiss the complaint"). Likewise, because Defendant filed its motion to dismiss, the Government has not "failed to plead or otherwise defend." *Id.* Accordingly, Cole's motion for entry of default is DENIED. (D.E. 22.)

The Clerk is DIRECTED to mail copies of D.E. 19, D.E. 21, and this order to Plaintiff.

IT IS SO ORDERED this 3rd day of April 2018.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE